ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JENNIMAR ORTIZ ROLÓN<br><br>Recurrida<br><br>V.<br><br>ABELARDO QUIÑONES MARTÍNEZ<br><br>Peticionario | TA2026CE00716 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Ponce<br><br>Civil Núm.<br>J AL2019-0125<br><br>Sobre: Alimentos |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece el señor Abelardo Quiñones Martínez (peticionario) y solicita la revisión de una *Minuta Resolución y Orden* emitida el 24 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] En dicho dictamen, el foro primario le impuso un término perentorio para pagar sanciones económicas y honorarios de abogado a favor de la señora Jennimar Ortiz Rolón (recurrida) y de su hijo Abelardo Quiñones Ortiz. Le ordenó expresarse sobre el retroactivo de la pensión alimentaria, satisfacer la pensión adeudada a su hija menor de edad y mostrar causa por su incomparecencia injustificada a una vista de desacato. Además, fijó una pensión provisional de alimentos entre parientes en beneficio de su hijo.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.

## I.

El 13 de septiembre de 2019, el TPI fijó al señor Quiñones Martínez una pensión alimentaria mensual de $325.00 en beneficio de sus hijos.[2] Más adelante, el 21 de mayo de 2025, estableció una

---

[1] Apéndice 15, Entrada Núm. 1 del caso de epígrafe en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Apelaciones.
[2] *Íd.*, Apéndice 3.

pensión alimentaria provisional mensual de $1,000.00 y el pago del 50% de los gastos escolares y universitarios.[3]

El 16 de julio de 2025, el peticionario solicitó el relevo de la pensión alimentaria de su hijo mayor de edad, quien había alcanzado la mayoría de edad ese mes, por entender que no reunía los requisitos para recibir alimentos entre parientes.[4]

Eventualmente, el 2 de febrero de 2026, el TPI fijó una pensión alimentaria mensual de $1,500.00 a favor de la menor de edad.[5] Además, concedió a los abogados un término para informar la cuantía adeudada por concepto de retroactivo y el plan de pago propuesto. Apercibió que el incumplimiento con lo anterior conllevaría las medidas correspondientes.

El 19 de febrero de 2026, el joven Abelardo Quiñones Ortiz presentó una *Urgente Solicitud de Desacato*.[6] Alegó que, desde el 21 de enero de 2026, el señor Quiñones Martínez adeudaba $500.00 en pensión alimentaria. Añadió que estudiaba a tiempo completo con excelente aprovechamiento académico y que el TPI no había relevado a su progenitor de la obligación alimentaria. Por ello, solicitó el pago de lo adeudado y $500.00 en honorarios de abogado.

Ante ello, el 23 de febrero de 2026, el foro primario ordenó al señor Quiñones Martínez satisfacer la pensión alimentaria adeudada a su hijo en un término de veinticuatro (24) horas.[7]

Posteriormente, el 27 de febrero de 2026, el joven Quiñones Ortiz presentó una *Urgente Solicitud Reiterando Desacato y Otros Extremos*.[8] En esta, reiteró que el peticionario adeudaba $500.00 y estaba próximo a vencer otro pago de pensión alimentaria, pese a ser un cirujano exitoso con cuantiosos ingresos. Arguyó que su

---

[3] *Íd.*, Apéndice 4.
[4] *Íd.*, Apéndice 5.
[5] *Íd.*, Apéndice 8.
[6] *Íd.*, Apéndice 9.
[7] *Íd.*, Apéndice 10.
[8] *Íd.*, Apéndice 11.

progenitor intentó intimidarlo para que desistiera de la reclamación mediante una demanda en la que le exigió $300,000.00 por presunta violación de derechos de propiedad intelectual de Ma Surgical & Medical Group, Inc., caso núm. PO2026CV00236.

El 5 de marzo de 2026, el TPI emitió una *Orden* mediante la cual notificó el señalamiento de la vista de desacato para el 24 de marzo de 2026 a las 10:00 a.m.[9]

Posteriormente, el 18 de marzo de 2026, la señora Ortiz Rolón presentó una *Moción Informativa sobre Retroactivo de Pensión.*[10] Adujo que el peticionario adeudaba $50,189.85 por pensión alimentaria retroactiva, más gastos escolares, universitarios y plan médico de su hija, pese a poseer capacidad económica para pagar.

El 20 de marzo de 2026, la representante legal del señor Quiñones Martínez solicitó la transferencia de la vista por tener otro señalamiento en la misma fecha y hora ante el Tribunal de Aibonito.[11]

De la *Minuta Resolución y Orden* recurrida se desprendió que el señor Quiñones Martínez y su abogada no comparecieron a la vista de desacato del 24 de marzo de 2026 ni se comunicaron con el TPI, a pesar de estar citados y no excusados.[12] Consignó que la secretaria jurídica realizó infructuosas gestiones para localizar a la abogada.

Ante dichas circunstancias, las abogadas de la recurrida y del hijo mayor de edad alegaron falta de coordinación y notificación inadecuada de la solicitud de transferencia, así como un patrón de dilaciones e incumplimientos. Ambas solicitaron la imposición de sanciones por incumplimiento.

El TPI concedió al peticionario cinco (5) días para expresarse sobre el retroactivo de la pensión, bajo apercibimiento de concederlo automáticamente. Le ordenó pagar $3,000 en sanciones y $2,000 en

---

[9] *Íd.*, Apéndice 12.
[10] *Íd.*, Apéndice 13.
[11] *Íd.*, Apéndice 14.
[12] *Íd.*, Apéndice 15.

honorarios de abogado, satisfacer la pensión adeudada a su hija y mostrar causa por la cual no debía declararlo incurso en desacato y ordenar su arresto. Estableció una pensión provisional de $1,000 por alimentos entre parientes a favor de su hijo, ante el reiterado incumplimiento con el descubrimiento de prueba y las órdenes judiciales. Finalmente, ordenó a su abogada mostrar causa por su incomparecencia y señaló la vista de desacato para el 31 de marzo.

Inconforme, el 27 de marzo de 2026, el peticionario solicitó reconsideración.[13] Arguyó que la vista se limitaba a la solicitud de desacato promovida por su hijo, no al retroactivo ni a la pensión de su hija. Cuestionó las sanciones económicas, los honorarios de abogado y la pensión provisional de alimentos entre parientes por haberse impuesto sin vista evidenciaria, prueba del aprovechamiento académico de su hijo, su aptitud para continuar estudios y la razonabilidad del objetivo educativo, adjudicación en los méritos y en contravención al debido proceso de ley. A su juicio, ello extendió automáticamente la obligación alimentaria más allá de la mayoría de edad. Justificó su incomparecencia a la vista por una solicitud oportuna de transferencia y a la deposición por razones laborales.

En igual fecha, el señor Quiñones Martínez solicitó dejar sin efecto la pensión alimentaria de la menor, al alegar que ejercía su custodia *de facto* desde el 20 de marzo de 2026.[14] A su vez, se opuso a incluir a Ma Surgical & Medical Group, Inc. como parte indispensable, al entender que no procedía descorrer el velo corporativo ni considerar los ingresos al evaluar su capacidad económica.[15] De otra parte, controvirtió la cuantía reclamada por la recurrida como retroactivo de la pensión alimentaria, al sostener que algunas partidas estaban duplicadas o carecían de evidencia.[16]

---

[13] *Íd.*, Apéndice 16.
[14] *Íd.*, Apéndice 17.
[15] *Íd.*, Apéndice 18. Se hace constar que, el 30 de marzo de 2026, el TPI denegó la solicitud incorporar como parte indispensable a la corporación. Véase Apéndice 23.
[16] *Íd.*, Apéndice 19.

El 31 de marzo de 2026, el TPI celebró la vista de desacato y dejó vigente una pensión provisional de $500.00 a favor del joven Quiñones Ortiz, retroactiva a la fecha en que se solicitó la modificación del caso.[17] Además, concedió al peticionario cinco (5) días para satisfacer lo adeudado a su hijo y señaló la vista de alimentos entre parientes para los días 24 y 25 de junio de 2026.

Así las cosas, el 6 de mayo de 2026, el TPI denegó la solicitud de reconsideración del peticionario, salvo en cuanto a la cuantía de la pensión entre parientes.[18] Reseñó que la señora Ortiz Rolón aceptó que la menor residía con su padre desde el 20 de marzo de 2026 y no objetó que se le relevara del pago de pensión, con efectividad al 1 de abril de 2026. También, consignó que el peticionario acreditó el pago de los alimentos entre parientes hasta el 31 de marzo de 2026.

El foro recurrido razonó que, conforme a *Umpierre Matos v. Juelle, Mejías*, 203 DPR 254 (2019), *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550 (2012) y *Ex parte Valencia*, 116 DPR 909 (1986), la obligación alimentaria no cesaba automáticamente cuando el alimentista advino a la mayoría de edad, sino cuando el alimentante solicita y obtiene el relevo judicial. Por ello, mantuvo vigente la pensión provisional mensual de $500 fijada en mayo de 2025, cuando el joven era menor de edad, así como la obligación de sufragar el 50% de los gastos escolares y universitarios hasta la adjudicación final de la pensión. Concluyó que el peticionario incurrió en un patrón de incumplimiento con las órdenes judiciales, por lo que reiteró la imposición de sanciones y honorarios de abogado ante las gestiones de las demás partes para hacer valer sus derechos.

Aún inconforme, el 5 de junio de 2026, el señor Quiñones Martínez presentó este recurso y señaló que el TPI cometió los siguientes errores:

---

[17] *Íd.*, Apéndice 24.
[18] *Íd.*, Apéndice 2.

**PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER SANCIONES ECONÓMICAS POR LA SUMA TOTAL DE $3,000.00 ORDENADAS A SER PAGADAS A FAVOR DE LAS PARTES ADVERSAS, $1,500.00 A LA DEMANDANTE Y $1,500.00 AL JOVEN ADULTO, EN CONTRAVENCIÓN DIRECTA DE LA REGLA 44.2 DE PROCEDIMIENTO CIVIL, 32 LPRA AP. V, R. 44.2, SIN CELEBRAR VISTA EVIDENCIARIA, SIN ADJUDICACIÓN EN SUS MÉRITOS Y BASÁNDOSE EXCLUSIVAMENTE EN LAS MANIFESTACIONES UNILATERALES DE LAS PARTES PRESENTES EN UNA VISTA QUE ESTABA SEÑALADA EXCLUSIVAMENTE PARA ATENDER LA SOLICITUD DE DESACATO DEL JOVEN, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY GARANTIZADO POR EL ARTÍCULO II, SECCIÓN 7 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO.

**SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER AL DEMANDADO HONORARIOS DE ABOGADO POR LA SUMA TOTAL DE $2,000.00, $1,000.00 A FAVOR DE LA REPRESENTACIÓN LEGAL DE LA DEMANDANTE Y $1,000.00 A FAVOR DE LA REPRESENTACIÓN LEGAL DEL JOVEN ADULTO, SIN DETERMINACIÓN FUNDAMENTADA DE TEMERIDAD O FRIVOLIDAD BAJO LA REGLA 44.1(D) DE PROCEDIMIENTO CIVIL, SIN APLICAR LOS CRITERIOS DE CUANTÍA ADOPTADOS EN BLÁS TOLEDO V. HOSP. LA GUADALUPE, 146 DPR 267 (1998), Y SIN QUE LA DEMANDANTE OSTENTARA EL ESTATUS DE ALIMENTISTA PREVALECIENTE QUE REQUIERE EL ARTÍCULO 22 DE LA LEY ORGÁNICA DE LA ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES, 8 LPRA SEC. 521.

**TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ESTABLECER UNA PENSIÓN PROVISIONAL DE ALIMENTOS ENTRE PARIENTES A FAVOR DEL JOVEN ABELARDO QUIÑONES ORTIZ, ORIGINALMENTE FIJADA EN $1,000.00 MENSUALES Y MODIFICADA EN RECONSIDERACIÓN A $500.00 MENSUALES MÁS EL 50% DE LOS GASTOS ESCOLARES Y UNIVERSITARIOS, SIN CELEBRAR LA VISTA EVIDENCIARIA, SIN RECIBIR PRUEBA SOBRE LOS CRITERIOS DE ADMISIBILIDAD ESTABLECIDOS EN LA JURISPRUDENCIA, E IMPONIÉNDOLA EXPRESAMENTE COMO SANCIÓN POR ALEGADO INCUMPLIMIENTO PROCESAL.

En esencia, el peticionario adujo que el foro recurrido fijó la pensión provisional de alimentos entre parientes durante una vista de desacato, sin adjudicar la reclamación en sus méritos ni recibir prueba sobre las necesidades de su hijo, su aprovechamiento y aptitud académica, la razonabilidad de su objetivo educativo y la capacidad económica del alimentante. Añadió que la determinación descansó en las manifestaciones de los comparecientes, sin prueba suficiente y en contravención del debido proceso de ley.

Argumentó que, aun si el foro primario tenía autoridad para imponer sanciones, debía ejercer esa facultad conforme a las reglas procesales y al debido proceso de ley. Planteó que las sanciones se

impusieron sin vista evidenciaria, sin oportunidad de controvertir las alegaciones, sin prueba y a favor de partes privadas, no del Fondo Especial del Poder Judicial, contrario a la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V. Añadió que se impusieron en una vista señalada para atender una solicitud de desacato, no incumplimientos procesales. Además, impugnó los honorarios de abogado, por falta de fundamento y de determinaciones sobre temeridad o razonabilidad de la cuantía.

Simultáneamente, el señor Quiñones Martínez solicitó auxilio de jurisdicción para paralizar la exigibilidad de las sanciones económicas, los honorarios de abogado y la pensión provisional de alimentos entre parientes mientras se resolvía este recurso. En igual fecha, este Tribunal declaró No Ha Lugar la solicitud y concedió término a la recurrida para expresarse.

Aunque la señora Ortiz Rolón no compareció dentro del término concedido, el 18 de junio de 2026, el joven Quiñones Ortiz presentó, como parte interventora, su oposición a la expedición del auto de *certiorari*. En síntesis, sostuvo que las sanciones económicas no fueron ordenadas a su favor, sino que respondían al incumplimiento con las órdenes judiciales. Asimismo, planteó que los honorarios de abogado estaban justificados por la conducta temeraria de su progenitor, quien no cumplió con la orden de satisfacer la pensión alimentaria en veinticuatro (24) horas tras la presentación de dos (2) solicitudes de desacato por falta de pago.

Además, señaló que el 5 de marzo de 2026 se pautó la vista de desacato y que la representación legal del peticionario conocía su conflicto de calendario desde el 12 de febrero, pero esperó hasta el 20 de marzo, último día laborable antes de la vista, para solicitar la transferencia y notificarla fuera del horario laborable, sin coordinar fechas alternas, en incumplimiento con la Regla 8.5 de Procedimiento Civil, *supra*. Añadió que, al no haberse concedido la transferencia, el

señor Quiñones Martínez y su abogada se ausentaron unilateralmente. Respecto a la pensión provisional de alimentos entre parientes, alegó que la obligación fijada en mayo de 2025 permanecía vigente, subsistía un balance correspondiente a junio de 2026 y no procedía celebrar vista evidenciaria antes de culminar el descubrimiento de prueba.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario mediante el cual un tribunal de mayor jerarquía revisa las determinaciones de un foro inferior discrecionalmente. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *McNeill Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012).

La Regla 52.1 de Procedimiento Civil, *supra*, limita la expedición del auto de *certiorari* para revisar dictámenes interlocutorios al amparo de las Reglas 56 y 57 de Procedimiento Civil, *supra*, denegatorias de mociones dispositivas y, por excepción, asuntos sobre admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público o situaciones en que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Además, la discreción apelativa opera conforme a los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Al denegar la expedición del auto de *certiorari*, este Tribunal no viene obligado a fundamentar tal decisión, la cual no constituye una adjudicación en los méritos. Regla 52.1 de Procedimiento Civil, *supra*; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008).

### B. Discreción

La discreción judicial está vinculada a la razonabilidad y exige un discernimiento ajustado al derecho. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *VS PR, LLC v. Drift-Wind*, 207 DPR 253 (2021); *Rivera et al. v. Arcos Dorados et al., supra*; *Umpierre Matos v. Juelle, Mejías, supra*. Como norma general, un foro apelativo no sustituye el criterio del tribunal de instancia en asuntos discrecionales, foro que conoce las particularidades del caso, mantiene contacto directo con los litigantes y evalúa la prueba. *BPPR v. SLG Gómez-López, supra*; *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018).

Sin embargo, esa deferencia cede cuando se demuestra que el foro primario actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o error manifiesto, emitió una determinación arbitraria o irrazonable, se equivocó en la interpretación del derecho y la intervención apelativa evita un perjuicio sustancial. *Íd.*; *VS PR, LLC v. Drift-Wind, supra*; *Umpierre Matos v. Juelle, Mejías, supra*. Un tribunal abusa de su discreción cuando ignora injustificadamente un hecho material que debía considerar, cuando concede peso decisivo a un hecho irrelevante o inmaterial, o cuando, aun identificando los hechos pertinentes, los pondera de manera liviana o irrazonable. *BPPR v. SLG Gómez-López, supra*; *Rivera et al. v. Arcos*

*Dorados et al., supra*; *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414 (2013); *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009).

**III.**

Tras examinar sosegadamente la totalidad del expediente ante nuestra consideración, concluimos que no se satisficieron los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, ni de la Regla 40 del Reglamento de este Tribunal, *supra*, para justificar el ejercicio de nuestra facultad discrecional revisora.

El señor Quiñones Martínez no demostró que el TPI actuara de forma irrazonable o contraria a derecho que ameritara nuestra intervención en esta etapa, respecto a la pensión provisional de alimentos entre parientes fijada a favor de su hijo mayor de edad, pendiente de adjudicación final tras la vista correspondiente. El foro recurrido consignó que la mayoría de edad del alimentista no extinguía automáticamente la obligación alimentaria, ya que el alimentante debía solicitar y obtener el relevo judicial.

Tampoco procede revisar la imposición de sanciones y honorarios de abogado. El peticionario no demostró abuso de discreción ni arbitrariedad en tales determinaciones, vinculadas al manejo del caso, al cumplimiento de órdenes y a la conducta procesal de las partes, asuntos que descansan en la sana discreción del TPI y sobre los cuales no apreciamos que haya incurrido en error. No perdemos de perspectiva, que en el presente asunto hay señalamientos pautados, en los que las partes podrán presentar aquella evidencia y argumentos que entiendan pertinentes sobre los asuntos pendientes de adjudicación final.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones